**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FLOR JAZMIN CARRASCO,**

    **Petitioner,**

v.                                      **Case No. 1:12-cv-268 MV/WDS**

**DANIEL CARRILLO-CASTRO**

    **Respondent.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    This matter is before the Court on *Petitioner's Motion for an Award of Costs* [Doc. 25], filed June 28, 2012, which the District Judge referred to the undersigned Magistrate Judge for recommendation. [Doc. 26.] Having considered the arguments of the parties, the record, the relevant law, and being otherwise fully advised, the Magistrate Judge recommends Petitioner's motion be **GRANTED.**

**I. BACKGROUND**

    This case arises under the Hague Convention on the Civil Aspects of International Child Abduction which "creates an international legal mechanism requiring contracting states to promptly return children who have been wrongfully removed to, or wrongfully retained in, their jurisdiction, without deciding anew the issue of custody." *Navani v. Shahani*, 496 F.3d 1121, 1124 (10th Cir. 2007) (citation omitted). Petitioner obtained an order requiring

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Respondent to return their child to Mexico, and now seeks an award of costs in the amount of $1,690.17.

The parties, both from Mexico, are the parents of a child born in 2007 while they were living in Albuquerque. [Doc. 23 at 1.] Petitioner (Mother) moved back to Mexico with the child in June 2010, while Respondent (Father) remained in the United States. [Id. at 2.] In November 2010, the parties entered into a written agreement in which they established a schedule for sharing physical custody of the child. The agreement states that for every two months the child spends in Cuahutemoc, Chihuahua with his mother, he would spend one month in Albuquerque with his father. [Id. at 4.] Pursuant to the agreement, the child went to stay with Respondent in Albuquerque in September 2011. At the end of the visit, Respondent refused to allow the child to return to Mexico and initiated proceedings in New Mexico state court seeking primary physical custody of the child. [Id. at 5–6.]

On March 14, 2012, Petitioner filed a *Petition for Return of Child to Petitioner.* [Doc. 1.] After conducting a hearing, the District Judge concluded that Petitioner had established a prima facie case of wrongful retention, that Respondent had not presented a defense, and accordingly, under the terms of the Hague Convention, the child must be returned to Mexico. [Doc. 23 at 22.]

## II. LEGAL STANDARDS

The International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601–11610 (2005) implements the Hague Convention in the United States. *Navani*, 496 F.3d at 1124. ICARA provides:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). ICARA thus provides for a mandatory award of necessary expenses to a petitioner who succeeds in obtaining the return of a child in a Hague Convention proceeding.

### III. DISCUSSION

Petitioner seeks to recover the following expenses:

(1) interpreter's fee for Petitioner's interview with her attorney ($142.50);

(2) translation fees incurred for translation of four documents ($1,306.25); and

(3) gasoline to return the child to Mexico ($130.85).

Respondent argues that Petitioner is not entitled to recover the interpreter's fee (Item 1) or the translation fee for one of the documents (part of Item 2). He agrees that translation expenses are recoverable for the remaining three documents included in Item 2, but he disputes the amount Petitioner claims for them. Respondent does not dispute the gasoline expense (Item 3), which he concedes is recoverable, nor does he dispute the amount. He does not dispute either that Petitioner prevailed or that her motion for costs is timely.

Respondent's argument that the disputed expenses are not recoverable because they do not meet the clearly appropriate standard set forth in ICARA misstates the statute. Under ICARA, a petitioner who succeeds in obtaining an order requiring the return of a child is

3

entitled to recover "necessary expenses." Once an expense has been established as necessary, the burden shifts to the respondent to demonstrate that an order requiring payment of the expenses would be clearly *in*appropriate. 42 U.S.C. § 11607(b)(3). Accordingly, the Court first determines whether the disputed expenses were necessary, and then considers whether Respondent has shown it would be clearly inappropriate to require him to pay the expenses.

### A. Whether the expenses were necessary

#### 1. Interpreter's fee

Molly B. McIntosh was hired to act as an interpreter for an interview lasting 1.5 hours on February 28, 2012, between Petitioner and her attorney Twila Larkin. [Doc. 25 at 4; Doc. 28 at 6.] The Court concludes it was necessary for Ms. Larkin to interview her client and an interpreter for the interview was also necessary. The attorneys for both parties advised the District Judge that their clients require an interpreter. [Doc. 17 at 1 (Clerk's Minutes).] The Court also finds the length of the interview—1.5 hours—is reasonable, and Respondent does not argue it was unnecessarily long.

Respondent argues, however, that the cost of interpreting an interview between Petitioner and her attorney is not recoverable in any event because Ms. McIntosh is not a court-appointed interpreter. According to Respondent, 28 U.S.C. § 1920(6) allows compensation for interpreter's fees only when the interpreter is appointed by the court.

The Court is not persuaded that § 1920 precludes recovery of the interpreter's fee. First, a court appointment is not a prerequisite for recovery of an interpreter's fee under 28

4

U.S.C. § 1920. Section 1920 states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> ***
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(6). There is no requirement in the language of the statute that interpreters be appointed by the court.

More importantly, the Court is not persuaded that § 1920 defines the scope of "necessary expenses" Petitioner may recover under ICARA. Section 1920 is the general costs statute that defines the costs that are presumptively taxable under Rule 54(d) of the Federal Rules of Civil Procedure. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 2497 (1987).

ICARA is a separate statutory authority for the award of expenses. In contrast to § 1920 which is narrowly limited to six categories[2] of "relatively minor, incidental expenses," *Taniguchi v. Kan Pacific Saipan, Ltd.*, __ U.S. __, 132 S.Ct. 1997, 2006 (2012), ICARA

---

[2] The six categories are:
    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and the costs of making copies of any material where the copies are necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

allows recovery of "necessary expenses incurred by or on behalf of the petitioner." Furthermore, ICARA expressly allows costs that are not available under § 1920 such as legal fees, foster home or other care, and transportation costs. 42 U.S.C. § 11607(b)(3); *see also Cuellar v. Joyce*, 603 F.3d 1142, 1143–44 (9th Cir. 2010) (awarding transportation and lodging for attorney to attend oral argument and mediation, shipping fees, and attorney's fees to pro bono counsel); *Antunez-Fernandes v. Connors-Fernandes*, 259 F.Supp.2d 800, 816–17 (N.D. Iowa 2003) (awarding attorney's fees for pro bono counsel, translator and travel expenses, including plane ticket, car rental, and hotel to prevailing father).

Some courts appear to equate the costs available under ICARA with those available under the general costs statute. *See, e.g.*, *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995) (applying § 1920 definitions to costs sought in ICARA case); *Freier v. Freier*, 985 F.Supp. 710, 712–13 (E.D. Mich. 1997) (same). However, the Court sees no basis in the language of ICARA for limiting recoverable expenses to those available under § 1920. To the contrary, the only requirements for recovery of expenses under ICARA are that they be "necessary" and not "clearly inappropriate."

For the same reasons, the Court rejects Respondent's argument that the Court may not award expenses that fall outside the scope of taxable costs allowed by local rule. The local rules govern the costs that may be taxed by the court or the clerk pursuant to Rule 54 of the Federal Rules of Civil Procedure. Respondent relies on Local Rule 54.2(d) which states that an interpreter's or translator's fee is taxable if: (1) the cost of the witness, whose testimony is interpreted or translated, is taxable; or (2) the translated document is admitted into

evidence. D.N.M.LR-Civ. 54.2(d). According to Respondent, the cost of interpreting the interview is not recoverable because no testimony was given during the interview. However, the Court has determined that § 1920, and accordingly Rule 54, do not limit the expenses that may be recovered under ICARA; *a fortiori*, the local rules do not limit the scope of recoverable ICARA expenses.

### 2. Translation of "discussion notes"

Of the four documents Ms. McIntosh translated, Respondent challenges the recovery of translation expenses for only one, a document Petitioner describes as "discussion notes for Flor Carrasco." [Doc. 25 at 4.] Respondent argues the discussion notes are not a taxable item under § 1920 or under D.N.M.LR-Civ. 54(d) because they were not testimony and were not admitted as evidence.

The Court has concluded that the expenses Petitioner can recover under ICARA are not limited by § 1920 or by D.N.M.LR-Civ 54(d). Thus, the only question is whether translation of discussion notes was a "necessary expense incurred by or on behalf of the petitioner." Petitioner has not disclosed the nature of the notes and, unlike the other three documents Ms. McIntosh translated, the discussion notes do not appear to be part of the record. However, the Court can infer that written communications between client and counsel are a necessary part of the representation, and given that Petitioner requires interpreter services for oral communications, the Court can also reasonably infer that she requires translation for written communications. Accordingly, the Court concludes that Petitioner is entitled to recover the expense of hiring Ms. McIntosh to translate discussion

7

notes.

### 3. Translation of remaining three documents

Respondent agrees that Petitioner is entitled to recover the cost of translating three documents: (1) the November 24, 2010 agreement between the parties; (2) the Petition for Return of Child; and (3) Declaration Establishing Habitual Residence. However, he disputes the amount incurred for translating these three documents.

Petitioner's motion indicates Ms. McIntosh spent a total of 13.75 hours translating all four documents for this case. [Doc. 25 at 4.] The time includes the discussion notes that Respondent argues is not recoverable, but for which the Court has concluded to the contrary. In a sworn statement, Ms. McIntosh, who is a lawyer as well as a Court-Certified English/Spanish Interpreter, states she charges $95 per hour for her services. [Doc. 28 at 5–6.] She further indicates that the speed at which she translates documents is influenced by the complexity of the content, specialty of the topic, vocabulary, number of documents previously translated, text formatting, typing speed, and degree of proofing/editing needed. [Id. at 6.]

According to Ms. McIntosh, her colleagues translate at a rate of 1500 to 2500 words per day. [Doc. 28 at 6.] For this case, Ms. McIntosh billed 13.75 hours for translating four documents consisting of a total of approximately 3,987 words. [Id. at 7.] Her translation rate thus falls within the range she reports for her colleagues.

Although Petitioner's motion does not itemize the cost per document, Ms. McIntosh indicates that two of the documents—the Petition for Return of Child and the Declaration

Establishing Habitual Residence—took the most time because of their specialized vocabulary and complex content. [Doc. 28 at 7.] To translate these documents, Ms. McIntosh conducted background research on the Convention on the Civil Aspects of International Child Abduction and studied its Spanish translation to determine how the vocabulary was applied. [Id.]

Respondent agrees that Petitioner can recover costs for the translation expenses of 11 pages, and he does not dispute Ms. McIntosh's hourly rate. [Doc. 27 at 4–5.] His challenge is to the number of hours she billed. He estimates that a professional interpreter such as Ms. McIntosh would require no more than 30 minutes per page. He thus argues that Petitioner's recoverable costs for document translation should be limited to 5.5 hours. [Doc. 27-1.]

Respondent has offered no evidence or basis for his statement that documents can be uniformly translated at the rate of 30 minutes per page without regard to content, vocabulary, or density. The Court notes that the parenting agreement between the parties is approximately one-half page in length and its English translation reflects it is written in nontechnical laymen's terms. [Doc. 20-4; Doc. 23 at 4.] The Petition, by contrast, is written primarily using legal terminology and contains numerous dense footnotes. [Doc. 1 at 2–8.] The rate of translation for these two documents is likely to differ significantly in accordance with the factors Ms. McIntosh describes. Based on Ms. McIntosh's affirmation and its own examination of the record, the Court concludes that the 13.75 hours Petitioner claims for document translation was a necessary expense in this case.

### B.  Whether the expenses were clearly inappropriate

The Court has concluded the disputed expenses were necessary. The burden now shifts to Respondent to establish that an order requiring him to pay these expenses would be clearly inappropriate.

He has failed to make this showing. Respondent is employed full time, reportedly as an electrician. [Doc. 25, ¶ 4; Doc. 27, ¶ 4.] Other than a conclusory statement disagreeing that he is capable of paying costs, he has offered no basis from which the Court could conclude that an order requiring him to pay Petitioner's necessary expenses would be clearly inappropriate.

### IV.  RECOMMENDED DISPOSITION

The Court recommends *Petitioner's Motion for an Award of Costs* [Doc. 25], filed June 28, 2012, be granted.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**